IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA


UNITED STATES OF AMERICA,

               Plaintiff,       CR. NO. S-02-0257 EJG
                                    CR. NO. S-02-0560 EJG
     v.

                                 ORDER AFTER REMAND;
ROLAND ADAMS,                 ORDER AFTER STATUS CONFERENCE

               Defendant.
_____/


    This matter was before the court on May 16, 2007 for a
hearing in Cr. No. S-02-0257 following a limited remand from the
Ninth Circuit, and for a status conference in Cr. No. S-02-0257
and Cr. No. S-02-0560 to address several motions filed by
defendant.  Assistant U.S. Attorney Camil Skipper appeared on
behalf of the United States.  Michael Bigelow appeared as
appointed counsel on behalf of defendant in connection with the
remanded issue in Cr. No. S-02-0257.  Defendant appeared in <u>pro
per</u> in all other respects.  Bruce Locke appeared on behalf of
third party claimant Bodisere Okonma.

///

///

1

BACKGROUND

Defendant was indicted on June 20, 2002 on several counts of wire fraud and money laundering and two counts of criminal forfeiture (hereafter referred to as the "fraud case", Cr. No. S-02-0257), and on December 19, 2002 on one count of unlawful procurement of naturalization and one count of making a false statement (hereafter referred to as the "immigration case", Cr. No. S-02-0560).  The cases were ordered related, but were not consolidated.

On August 18, 2003, pursuant to a plea agreement, defendant pled guilty in Cr. No. 02-0257 to one count of conspiracy to commit wire fraud (Count One) and one count of conspiracy to launder money (Count Seven), and agreed to waive a jury trial on the forfeiture counts (Counts Nine and Ten).  In exchange, the United States agreed to recommend dismissal of Counts Two through Six, and Count Eight.[1]  On September 8, 2003, defendant stipulated to the entry of a Preliminary Order of Forfeiture in which he agreed to forfeit to the United States $87,707.39 in currency, a laptop computer, and three internet domain names, all of which items were contained in the two criminal forfeiture counts.

On September 22, 2003, having waived a jury, defendant went to hearing before the court on the sole remaining item contained

[1] The plea agreement contained numerous other terms; however, only those relevant to the matters presently before the court are discussed in this order.

2

in the forfeiture counts, real property located at 9501 Misty River Way in Elk Grove, California (hereafter referred to as the "Misty River Way property").  The government maintained that the Misty River Way property was forfeitable because it had been purchased during the time period of the indictment with proceeds from defendant's fraud.

At the hearing, testimony and exhibits were offered in evidence.  On September 29, 2003, the court issued its oral decision, finding the real property forfeitable because the majority of the $134,398 down payment came from proceeds directly traceable to defendant's fraud.[2]  Specifically, the court found that $87,585 was received by defendant from Nigerian wire transfers in April 2002, one month prior to the purchase of the Misty River Way property.  In addition, the court found an additional $32,000 used for the down payment directly traceable to defendant's fraud since it represented equity from the sale of a prior residence which had been purchased in 1999, during a period of time in which the court found defendant engaged in fraudulent activity.  Alternatively, the court identified an additional $500,000 acquired by defendant during 1999-2001 as tainted proceeds, and determined that the Misty River Way property was forfeitable as a substitute asset for these funds.

---

[2] A transcript of the court's ruling is filed as docket entry 60 in Cr. No. S-02-0257.

3

1   In December of 2003, defendant moved to withdraw his guilty

2   pleas to the fraud and money laundering counts, which motion was

3   denied after an evidentiary hearing on March 19, 2004.  On April

4   12, 2004, defendant proceeded to jury trial on the immigration

5   case and was convicted on both counts.  The fraud and immigration

6   cases were consolidated for sentencing and defendant was

7   sentenced in both cases on March 11, 2005 to an aggregate term of

8   97 months imprisonment and three years supervised release.  In

9   addition, restitution in the amount of $1.2 million was imposed

10  in the fraud case.  Despite having waived appeal and collateral

11  attack in the fraud case as part of his plea agreement, defendant

12  appealed the convictions and sentence in both cases.

13      In a memorandum opinion filed June 29, 2006, the Ninth

14  Circuit affirmed defendant's convictions and sentence in full,

15  with one exception.  The appellate court remanded the forfeiture

16  order, finding that the district court erroneously considered as

17  tainted proceeds funds acquired <u>outside</u> the time period of the

18  indictment in its calculation of fraud proceeds.[3]

19      Meanwhile, prior to resolution of the appeal, defendant

20  began to file numerous post-conviction motions in both cases,

21  which, eventually, the court held in abeyance pending **first,**

22

---

23      [3] The appeal was denied in all other respects.  Specifically, the court noted, "Adams
    raises a host of other challenges to his convictions and sentence.  None has merit.  Adams
24  convictions and sentence are AFFIRMED, except that we VACATE the district court's forfeiture
    order and REMAND for further proceedings consistent with this disposition." <u>United States v.</u>
25  <u>Adams,</u> 189 Fed. Appx. 600 (9th Cir. 2006).

26                                                    4

resolution of the appeal, and **second**, resolution of the issue
remanded by the appellate court.  Thereafter, at defendant's
request, the court appointed counsel to represent him on the
remanded issue finding that it remained a critical part of the
criminal proceedings at which he was entitled to counsel.

On May 16, 2007, the hearing after remand was held.  After
considering the parties' written and oral arguments and the
record in this matter, and for the reasons stated in the court's
oral analysis in open court and on the record, the court enters
the following order.

<u>DISCUSSION</u>

"A defendant convicted of money laundering shall 'forfeit to
the United States any property, real or personal, involved in
such offense, or any property traceable to such property.'"
<u>United States v. Adams</u>, 189 Fed. Appx. 600 (9th Cir. 2006).  The
burden is on the government to prove by a preponderance that the
property is subject to forfeiture.  <u>Id</u>.  At the forfeiture
hearing, the court must determine if the government has
established the requisite nexus between the property and the
offense.  <u>See</u> Fed. R. Crim. P. 32.2(b)(1).  The determination may
be based on evidence already in the record, including any written
plea agreement, and on evidence presented at the hearing.  <u>Id</u>.

Of the $134,398 down payment on the Misty River Way
property, the Ninth Circuit affirmed $87,585 (two Nigerian wire
transfers occurring during the time period of the indictment) as

5

directly traceable to the fraud.  To account for the remaining
portion the government points to evidence in the record,
specifically documents contained in exhibits 10 through 18, of
monies acquired by defendant during the period of the indictment
which total $112,085.15, exclusive of the Nigerian wire
transfers.  At the time of the initial hearing in September of
2003, defendant offered no explanation for these funds, nor does
he now.  Thus, if the court finds a requisite nexus between these
funds and the fraud by a preponderance of the evidence it can
enter an order forfeiting the Misty River Way property.

Exhibits 10 through 18 represent wire transfers and money
orders from Canada and South Africa which were deposited into
defendant's Sacramento bank account between the dates of April
2001 and May 30, 2002, within the time period of the indictment.
The admissibility of these exhibits was agreed to by counsel at
the time of the initial forfeiture hearing in September 2003.

In preparation for the hearing after remand, the court
examined each individual document of each of these exhibits,
specifically reviewing each document identification number,
amount, date, and country of origin.  Based on this examination,
the court is satisfied that these exhibits represent a total of
$112,085.15 in currency received by the defendant from Canadian
and South African sources during the dates of the indictment.

At the initial forfeiture hearing in September of 2003,
Special Agent Korbes testified that numerous calls, letters and

travel to South Africa by defendant tied him to that country.  In
addition, Agent Korbes testified that several victims of the
defendant's scheme sent money to Toronto Canada.  No evidence
refuting these allegations was presented during the hearing.
Moreover, in the factual basis for the plea to Counts One and
Seven, Exhibit A to the Plea Agreement, defendant admitted: 1)
that he had co-conspirators in Nigeria, South Africa and Canada;
2) that victims of the scheme were required to send advance fees
to individuals in Canada and South Africa; and 3) that a portion
of these funds were later forwarded to defendant in Sacramento by
wire transfer and money order.

Based on a preponderance of the evidence, the court finds
that the money documented by exhibits 10 through 18 represents
proceeds from defendant's fraudulent schemes.  The court also
finds, based on its review of exhibits and testimony at the
initial hearing concerning monetary transactions surrounding the
purchase of the Misty River Way property in May of 2002, a nexus
sufficient to link the proceeds to the monies used to purchase
the property.

O R D E R

1.  The court finds a total of $199,670.15 in proceeds
directly traceable to defendant's fraud during the relevant time
period charged in the indictment: a) $87,585 from Nigerian wire

7

transfers;[4] and b) $112,085.15 from South African and Canadian wire transfers and money orders.  Subtracting from that total $87,707.39, the amount of currency the defendant previously agreed was fraud proceeds (pursuant to the stipulation entered in September 2003), leaves a balance of $111,962.76 to be forfeited.

2.  The U.S. Attorney shall prepare an order of forfeiture in the amount of $111,962.76.

3.  The court will enter an amended judgment on Counts One, Seven, Nine and Ten of Cr. No. S-02-0257.

4.  Mr. Bigelow is relieved of further representation of defendant.

5.  Resolution of the petitions for ancillary hearing, filed by third parties World Savings Bank and Bodisere Okonma are held in abeyance pending the outcome of defendant's anticipated appeal of the amended judgment in the fraud case.

6.  The United States Marshal is directed to return defendant to the federal penitentiary to which he has been designated for service of his sentence.

///

///

///

///

///

---

[4] This figure was affirmed by the Ninth Circuit in its memorandum opinion, filed June 29, 2006.

8

STATUS CONFERENCE

Following the hearing after remand, a status conference was held in both cases to address the motions filed by defendant in pro per.

A.  Cr. No. S-02-0257, the fraud case

    1.  **Counts One and Seven**

Defendant has filed several motions concerning the fraud counts to which he pled guilty.  These motions are: 1) a § 2255 petition (docket entry 138 filed July 10, 2006, and amended by docket entry 142 filed July 21, 2006, and amended a second time by docket entry 218 filed February 5, 2007); 2) a motion to correct sentence on Count Seven (docket entry 158 filed September 5, 2006); 3) a motion to withdraw plea (docket entry 160 filed September 8, 2006); 4) a motion to vacate restitution order (docket entry 204 filed December 15, 2006); and 5) a motion to void sentence on Counts One and Seven (docket entry 244 filed May 1, 2007).

The motion to correct sentence on Count Seven and the motion to withdraw plea, both of which were previously held in abeyance by the court, and the motion to vacate restitution order, and the motion to void sentence on Counts One and Seven, are DENIED.  The appellate court affirmed defendant's sentence and conviction on the counts to which he pled guilty in its memorandum opinion filed June 29, 2006.  Accordingly, defendant's sole vehicle for raising issues about his conviction and sentence is a § 2255

9

1  petition, which he has already filed.  The court will permit

2  defendant to file a third amended § 2255 petition in order to add

3  issues contained in his motion to correct sentence, motion to

4  withdraw plea, motion to vacate restitution order, and motion to

5  void sentence.  **No further amendments will be allowed without**

6  **permission**.  A briefing schedule for this motion is set forth at

7  the end of this order.  In addition, defendant is reminded that

8  he waived appeal and collateral attack of his convictions and

9  sentence as part of his plea agreement.  The Ninth Circuit

10  allowed an exception to that waiver solely for the purpose of

11  challenging the forfeiture order.

12              2.  **Counts Nine and Ten**

13        Defendant filed several motions concerning the forfeiture

14  counts of conviction, some of which have already been resolved by

15  the court.  The remaining motions are: 1) a motion for new trial

16  on Counts Nine & Ten (docket entry 127 filed April 19, 2006,

17  amended by docket entry 130 filed May 11, 2006, and supplemented

18  by docket entry 134 filed June 5, 2006); 2) a motion to dismiss

19  Counts Nine and Ten (docket entry 157 filed August 31, 2006); a

20  motion for return of 529 funds (docket entry 177 filed October 5,

21  2006); and 4) a motion to resubmit the motion for new trial

22  (docket entry 250 filed May 16, 2007).

23        Defendant's motion for new trial on Counts Nine and Ten was

24  DEFERRED pending resolution of defendant's appeal.  The motion to

25  dismiss and motion for return of 529 funds were previously DENIED

26                           10

1  WITHOUT PREJUDICE subject to renewal by appointed counsel.

2  However, during his tenure in the case, appointed counsel did not

3  renew the motions, whether intentionally or out of neglect is

4  unknown.  In any event these motions have not yet been considered

5  by the court.  At the hearing after remand the court informed the

6  parties that the motions were denied by virtue of counsel's

7  failure to renew them.  Now, however, upon reflection, the court

8  has reconsidered and will address the motions.  A briefing

9  schedule is set out at the end of this order.

10        B.  Cr. No. S-02-0560, the immigration case

11        Defendant filed two motions concerning this case, a motion

12 for new trial (docket entry 117 filed July 13, 2006), and a §

13 2255 petition (docket entry 136 filed October 24, 2006, amended

14 by docket entry 147 filed December 29, 2006).  A briefing

15 schedule for these motions is set forth at the end of this order.

16        C.  Miscellaneous motions

17        Defendant filed several miscellaneous motions, arguably

18 applicable to both cases.  Two of those motions remain to be

19 decided.  The first, a "complaint" alleging denial of access to

20 legal materials and the law library and cruel and unusual

21 punishment while incarcerated at the Sacramento County Jail in

22 September and October of 2006 (docket entry 173 in Cr. No. 02-

23 0257) was filed October 3, 2006.  This "complaint" is not

24 properly raised in the context of this criminal proceeding, and

25 on that basis is DENIED.  Defendant's recourse for challenging

26                                11

1  his conditions of confinement is to initiate a civil rights

2  action against his jailer.

3      The other remaining miscellaneous motion is a motion for re-

4  sentencing (docket entry 138 in Cr. No. S-02-0560 and docket

5  entry 184 in Cr. No. S-02-0257) filed October 25, 2006.  It seeks

6  re-sentencing upon resolution of the remanded issue.  Contrary to

7  defendant's assertions, the remand from the Ninth Circuit was a

8  limited one.  Only the forfeiture order was remanded and only for

9  the purpose of re-computing the amount of monies directly

10 traceable to defendant's fraud.  That computation has now

11 occurred and an amended judgment reflecting the new forfeiture

12 amount has been entered.  To the extent defendant's motion for

13 re-sentencing seeks additional relief, it is DENIED.

14     D.  <u>Briefing Schedule</u>

15          1.  Defendant shall file and serve his third amended §

16 2255 petition with respect to Counts One and Seven of the fraud

17 case, Cr. No. S-02-0257, within 60 days from the filing date of

18 this order.  The government shall file and serve its opposition

19 within 30 days after service of the amended petition.  Defendant

20 may file and serve a reply within 30 days after service of the

21 opposition.  The matter will stand submitted upon timely receipt

22 of the reply brief.

23          2.  Defendant's motions for new trial, motion to

24 dismiss and motion for return of 529 funds, all of which were

25 filed in connection with Counts Nine and Ten, may not be amended.

26                                    12

The government shall file and serve opposition to these motions within 45 days from the filing date of this order.  Defendant may file and serve a reply within 30 days after service of the opposition.  The matter will stand submitted upon timely receipt of the reply brief.

3.   Defendant's pending § 2255 petition in the immigration case, Cr. No. S-02-0560, may not be amended absent court order.  The government's opposition to the pending petition shall be filed and served within 45 days from the filing date of this order.  Defendant may file and serve a reply within 30 days after service of the opposition.  The matter will stand submitted upon timely receipt of the reply brief.

4.   Defendant's motion for new trial in the immigration case, Cr. No. 02-0560, is ordered SUBMITTED and will be resolved in a separate order.

5.   The Clerk is directed to serve a copy of this order on AUSA Skipper, attorney Michael Bigelow and Roland Adams. Service on Adams shall be at BOTH the Sacramento Co. Jail and McRae Correctional Facility, Reg #13785-097, P. O. Drawer 30, McRae, Georgia 31055.

IT IS SO ORDERED.

Dated: May 25, 2007

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

13