IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

FILED
APR 3 0 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ROLAND ADAMS,

    Defendant.
_____/

CR. NO. S-02-0560 EJG

ORDER DENYING MOTIONS FOR JUDGMENT

Defendant, a federal prisoner proceeding pro se, has filed a succession of documents seeking that action be taken on motions for new trial that he filed June 29, 2006 and December 26, 2007, respectively. A review of the docket shows the first motion was initially held in abeyance, and was then denied by order filed December 20, 2007.[1] Accordingly, defendant's documents seeking a response to both the initial and second motions, and his motions for entry of judgment on those motions, are DENIED as moot.

IT IS SO ORDERED.

Dated: April 30, 2008

                EDWARD J. GARCIA, JUDGE
                UNITED STATES DISTRICT COURT

---

[1] Defendant is advised that by order filed February 21, 2008, the Ninth Circuit Court of Appeals denied defendant's petition for a writ of mandamus seeking to direct the district court to respond to the motion for new trial. Copies of both the district and appellate court orders are attached as Exhibits.

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ROLAND ADAMS,

        Defendant.
_____/

CR. NO. 02-0560 EJG

ORDER DENYING MOTION FOR NEW TRIAL

    Defendant, a federal prisoner proceeding pro se, has filed a motion for new trial. After reviewing the record and the documents filed in connection with the motion, and for the reasons set forth below, the motion is DENIED.

BACKGROUND[1]

    Defendant was indicted on June 20, 2002 on several counts of wire fraud and money laundering and two counts of criminal forfeiture (hereafter referred to as the "fraud case", Cr. No. S-

---

[1] The background section is not exhaustive and only includes procedural history relevant to the pending motion.

1

EXHIBIT A

02-0257), and on December 19, 2002 on one count of unlawful procurement of naturalization and one count of making a false statement (hereafter referred to as the "immigration case", Cr. No. S-02-0560). The cases were ordered related, but were not consolidated. The instant order concerns a motion in the immigration case.

On August 18, 2003, in connection with the fraud case, defendant pled guilty to one count of conspiracy to commit wire fraud (Count One) and one count of conspiracy to launder money (Count Seven), and agreed to waive a jury trial on the forfeiture counts (Counts Nine and Ten). On September 29, 2003, following a hearing on those counts, the court issued an order forfeiting real property located at 9501 Misty River Way in Elk Grove, California (hereafter referred to as the "Misty River Way property"). In December of 2003, defendant moved to withdraw his guilty pleas in the fraud case, which motion was denied after an evidentiary hearing on March 19, 2004.

On April 12, 2004, defendant proceeded to jury trial in the immigration case and was convicted on both counts. The fraud and immigration cases were consolidated for sentencing and defendant was sentenced on March 11, 2005 to an aggregate term of 97 months imprisonment and three years supervised release. In addition, restitution in the amount of $1.2 million was imposed in the fraud case. Defendant appealed the convictions and sentence in both cases.

In a memorandum opinion filed June 29, 2006, the Ninth Circuit affirmed defendant's convictions and sentence in both the fraud and immigration cases in full, with one exception. The appellate court remanded the forfeiture order in the fraud case, finding that the district court erroneously considered funds acquired <u>outside</u> the time period of the indictment as tainted proceeds in its calculation of fraud proceeds.[2]

Meanwhile, prior to resolution of the appeal, defendant began to file numerous post-conviction motions in both the fraud and immigration cases, which, the court held in abeyance, **first**, pending resolution of the appeal, and **second**, pending resolution of the issue remanded by the appellate court. Following appellate remand, a series of status conferences and a hearing were held. These culminated in the entry of an amended judgment in the fraud case on July 20, 2007 (imposing the same sentence with a modified forfeiture order) and issuance of a briefing schedule for all of defendant's pending motions.

This order addresses one of those motions: the motion for new trial in the immigration case. Filed originally July 3, 2006, and amended July 13, 2006, the motion asserts as a basis for relief issues of prosecutorial misconduct and presentation of

---

[2] The appeal was denied in all other respects. Specifically, the court noted, "Adams raises a host of other challenges to his convictions and sentence. None has merit. Adams convictions and sentence are AFFIRMED, except that we VACATE the district court's forfeiture order and REMAND for further proceedings consistent with this disposition." United States v. Adams, 189 Fed. Appx. 600 (9th Cir. 2006).

3

false evidence. The government argues, and the court agrees, that the motion is time-barred. Motions for new trial must be made within three years after entry of verdict if based on newly discovered evidence, or within seven days after entry of verdict if based on any other ground. Fed. R. Crim. P. 33(b). The motion, filed more than two years after entry of verdict in the immigration case clearly does not meet the seven-day requirement. Made aware of this by the government's opposition, in his reply brief, filed in October of 2006, defendant maintains that the grounds raised in his motion, misconduct and presentation of false evidence, constitute newly discovered evidence. He reiterates this argument in a supplemental brief entered on the docket May 9, 2007 and filed in connection with this court's May 2007 hearing on the appellate remand. In this latter document, titled "New Evidence from Remand Proceedings in Support of Motion for New Trial", defendant cites facts contained in the government's brief, "Government's Analysis of Exhibit 10 through 18 and Proposed Resolution of Forfeiture issue on Remand" as "new evidence in support of his pending motion for new trial." However, as pointed out during the hearing after remand, all of the information contained in the government's brief was part of the record, **introduced at the forfeiture hearing held in September 2003.** It was not then, and is not now, newly discovered evidence as that term is defined by law.

4

To prevail on a rule 33 motion for new trial based on newly discovered evidence, defendant must meet a five-part test: 1) the evidence must be newly discovered; 2) the failure to present the evidence earlier must not be based on a lack of diligence by defendant; 3) the evidence must be material; 4) the evidence must be neither cumulative nor impeaching; and 5) the evidence must indicate that a new trial would probably result in acquittal. United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir. 1991). Here, the evidence defendant contends is newly discovered meets none of these requirements. In the court's analysis of the government's exhibits 10 - 18 during the hearing after remand, it put to rest any notion the documents used as a basis for determining the fraudulent proceeds were false. Moreover, the documents were part of the record and were available to defendant during both the forfeiture hearing in the fraud case and the jury trial in the immigration case.

Based on the foregoing, defendant's motion for new trial is DENIED.

IT IS SO ORDERED.

Dated: December 20, 2007

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

5

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2008

FOR THE NINTH CIRCUIT

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ROLAND ADAMS. | No. 07-74774 |
| ROLAND ADAMS, | D.C. No. CR-02-00560-EJG<br>Eastern District of California,<br>Sacramento |
| Petitioner, | |
| v. | ORDER |
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, | **FILED**<br>FEB 25 2008<br>CLERK, U.S. DISTRICT COURT<br>EASTERN DISTRICT OF CALIFORNIA<br>BY _____ DEPUTY CLERK |
| Respondent, | |
| UNITED STATES OF AMERICA, | |
| Real Party in Interest. | |

Before: WALLACE, LEAVY and RYMER, Circuit Judges.

This petition for a writ of mandamus seeks to direct the district court to rule on petitioner's motion for a new trial. The district court denied the motion for a new trial on December 20, 2007. Accordingly, this petition is denied as moot.

No motions for reconsideration, rehearing, clarification, or any other submissions shall be filed or entertained in this closed docket.



A TRUE COPY
ATTEST   2/21/08
CATHY A. CATTERSON
Clerk of Court
by: _____
Deputy Clerk

MOATT

EXHIBIT B