LAWRENCE G. BROWN
Acting United States Attorney
DANIEL S. McCONKIE
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2725

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR S-02-560 EJG |
| Plaintiff, | GOVERNMENT'S MOTION FOR FURTHER ORDER EFFECTUATING REVOCATION OF DEFENDANT'S CITIZENSHIP AND ORDER |
| v. | |
| ROLAND ADAMS,<br>   aka Harold Whiteaker,<br>   aka Peter Brown | |
| Defendant. | |

On March 14, 2005, the court issued an order under 8 U.S.C. § 1451 revoking the defendant's citizenship. The government now respectfully moves for a further order effectuating that revocation.

**Procedural History**

A jury convicted the defendant on April 14, 2004 of committing fraud to obtain naturalization, in violation of 18 U.S.C. § 1425(a). The court sentenced him on March 11, 2005. His release date, according to the Bureau of Prisons website, is July 2, 2009.

1

On March 14, 2005, the Court ordered that the final order admitting the defendant to citizenship be revoked, set aside, and declared void. The Court further ordered cancelled the certificate of naturalization issued to him on May 31, 2001. Finally, the Court ordered him to surrender his original certificate of naturalization to the Department of Homeland Security, Bureau of Citizenship and Immigration Services.

The defendant appealed the conviction, and on June 29, 2006, the Ninth Circuit affirmed the judgment and sentence. (C.A. No. 05-10176).

**Legal Standard**

Upon a person's conviction under 18 U.S.C. § 1425, the court "shall thereupon revoke, set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such person to be canceled." 8 U.S.C. § 1451(e). The trial court has jurisdiction to effectuate this provision, and that jurisdiction lasts beyond the pendency of the case. United States v. Inocencio, 328 F3d 1207, 1210 (9th Cir. 2003). Furthermore, the court "shall make an order canceling such certificate and shall send a certified copy of such order to the Attorney General." 8 U.S.C. § 1451(f). Revocation of naturalization under § 1451 is mandatory. United States v. Inocencio, 328 F3d at 1209. The court may further order surrendered the certificate of naturalization to the Attorney General. 8 U.S.C. § 1451(f).

The pendency of an appeal does not divest the district court of jurisdiction to effectuate these mandatory provisions. United

States v. Maduno, 40 F.3d 1212, 1218 (11th Cir. 1994) (cited in United States v. Inocencio, 328 F3d at 1209). The defendant has no right to notice or an opportunity to respond before naturalization is revoked. United States v. Inocencio, 328 F.3d at 1211.

**Discussion**

The undersigned has learned from the Department of Homeland Security that the language in the attached proposed order will ensure that the defendant's denaturalization is effectuated.

Respectfully submitted,

LAWRENCE G. BROWN
Acting United States Attorney

Date: *March 9, 2009*   By: */s/ Daniel S. McConkie*
DANIEL S. McCONKIE
Assistant U.S. Attorney

Attorneys for the Plaintiff
UNITED STATES OF AMERICA

**O R D E R**

**IT IS ORDERED THAT** the defendant is forever restrained and enjoined from claiming any rights, privileges, or advantages under any document which evidences Unite States citizenship obtained as a result of the defendant's naturalization on May 31, 2001.

**IT IS FURTHER ORDERED THAT** the defendant surrender and deliver his Certificate of Naturalization (Certificate No. 26768818) (if he has not already done so), and any copies thereof in his possession (and to make good faith efforts to recover and then surrender any copies thereof that he knows are in possession of others), to the Attorney General immediately; and also return

immediately to the Attorney General any other indicia of United States citizenship, and any copies thereof in his possession (and to make good faith efforts to recover and then surrender any copies thereof that he knows are in the possession of others), including, but not limited to, United States passports, voter registration cards, and other voting documents. The defendant may deliver these documents to the Attorney General by mailing them to the following address:

>     United States Attorney's Office
>     Eastern District of California
>     Assistant U.S. Attorney Daniel S. McConkie
>     501 I Street, Suite 10-100
>     Sacramento, CA 95814

**IT IS FURTHER ORDERED THAT**, pursuant to 8 U.S.C. § 1451(f), the Clerk send certified copies of the following documents to the Attorney General: (1) this order; (2) the indictment, filed December 19, 2002; (3) the Court's order of March 14, 2005, and (4) the judgment, entered on March 21, 2005.

Dated: March 9, 2009  /s/ Edward J. Garcia
EDWARD J. GARCIA
United States District Judge